# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1596V

| | |
|---|---|
| SARAH JASPER,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2026 |

*John F. Doak, Katz Nowinski, PC, Moline, IL, for Petitioner.*

*Margaret Armstrong, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 15, 2023, Sarah Jasper filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered an injury including paresthesia, pain, numbness, and weakness of her left arm caused-in-fact by an influenza vaccine administered on September 23, 2020. Petition, ECF No. 1. On June 12, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 25.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,898.78 (representing $24,299.50 in fees plus $1,599.28 in costs). Petitioner's Application for Fees and Costs ("Motion") filed September 5, 2025, ECF No. 32. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 33.

Respondent reacted to the motion on September 19, 2025, indicating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-5, ECF No. 34. Petitioner filed a reply requesting that her Motion be granted. ECF No. 35.

I have reviewed the billing records submitted with Petitioner's request and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES AND COSTS

### A. *Hourly Rates*

Petitioner's counsel, Mr. John F. Doak, requests that I apply the hourly rate of $425.00 for his time billed in the 2021-25 timeframe and the hourly rate of $300.00 for work performed by attorney Aaron Curry. For paralegal work performed herein, Counsel requests the rate of $150.00. Based on my experience applying the factors[3] relevant to determining proper hourly rates for Program attorneys, I find Mr. Doak's proposed rate and that of his paralegal to be reasonable and shall be applied.

Regarding the proposed rate for Aaron Curry, it does not appear that he is admitted to this Court's bar as of the filing of this Motion. It is well established that an attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525 at *3, (Fed. Cl. Spec. Mstr. May 31, 2013). As such, all time billed by Mr. Curry must be compensated at non-attorney rates. I hereby reduce Mr. Curry's rate to $172.00 for his work in this matter. Application of the foregoing reduces the amount of fees to be awarded herein by **$38.40.**[4] Mr. Curry will be eligible for higher rates in future cases, upon becoming admitted to this Court. Counsel should also note that an attorney affidavit is required when requesting an hourly rate in the Program. *See* Guidelines for Practice at 75.[5]

### B. *Litigation Costs*

Petitioner has provided sufficient supporting documentation. ECF No. 37. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[3] *See McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This amount consists of reducing Mr. Curry's requested rate and is calculated as follows: ($300.00 - $172.00 = $128.00 x 0.30 hours billed by Mr. Curry in 2023) = $38.40 in fees to be reduced.

[5] The Guidelines for Practice under the NVICP are available on the Court's Website: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $25,860.38 (representing $24,261.10 in fees plus $1,599.28 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4